IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARYLAND CASUALTY
COMPANY, et al.,

        Plaintiffs,                  No. 2:10-cv-02211 MCE KJN

    v.

FINANCIAL PACIFIC INSURANCE
COMPANY,

        Defendant.                 <u>ORDER</u>

AND RELATED COUNTERCLAIM

/

        Presently before the court is the parties' proposed Stipulated Protective Order, which seeks approval of an order governing the treatment of discovery materials that the parties intend to designate as "CONFIDENTIAL" (Dkt. No. 17).[1] The undersigned does not approve the proposed Stipulated Protective Order as drafted because it does not meet the requirements of this court's Local Rule 141.1. The proposed Stipulated Protective Order raises one additional concern identified below.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1   This court's Local Rule 141.1(c) provides:

2   **(c) Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:

**(1)** A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

**(2)** A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

**(3)** A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E. Dist. Local Rule 141.1(c). Although the proposed Stipulated Protective Order effectively makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E. Dist. Local Rule 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1, and the undersigned does not approve the Stipulated Protective Order as proposed. However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

The undersigned addresses one additional aspect of the proposed Stipulated Protective Order that the undersigned does not approve, and is strongly disinclined to approve if included in any resubmitted stipulated protective order. Paragraph 12 of the proposed Stipulated Protective Order provides: "Notwithstanding the termination of this action by settlement, judgment, dismissal or otherwise, the United States District Court for the Eastern District of California shall retain jurisdiction to enforce the Agreement." The undersigned does not approve this provision creating retained jurisdiction, and is strongly disinclined, absent some compelling

1  reason, to approve any provision that creates retained jurisdiction over a stipulated protective
2  order and related disputes after termination of the action.[2]
3          For the foregoing reasons, IT IS HEREBY ORDERED that the parties' proposed
4  Stipulated Protective Order is not approved, but without prejudice to the refiling of a sufficient
5  proposed stipulated protective order if the parties are unable to reach a private agreement.
6          IT IS SO ORDERED.
7  DATED: July 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." E. Dist. Local Rule 141.1(f).