IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARYLAND CASUALTY
COMPANY, et al.,

     Plaintiffs,                   No. 2:10-cv-02211 MCE KJN

  v.

FINANCIAL PACIFIC INSURANCE
COMPANY,

     Defendant.                  ORDER

AND RELATED COUNTERCLAIM
_____/

        Presently before the court is plaintiffs' motion to compel further responses to various discovery requests (Dkt. No. 20), which was narrowed prior to the filing of the Joint Statement re Discovery Disagreement ("Joint Statement") (Dkt. No. 25).[1] All discovery in this case must be "completed" by August 14, 2012.[2] (See Stip. & Order, May 25, 2012, Dkt. No. 14.)

---

    [1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

    [2] The term "completed" means that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (Am. Pretrial Scheduling Order at , Dkt. No. 12.)

The court heard this matter on its August 9, 2012 civil law and motion calendar. Attorney Laura Jane Coles appeared on behalf of plaintiffs.[3] Attorney Sean White appeared on behalf of defendant. The court has fully considered the parties' Joint Statement and oral arguments. For the reasons stated on the record at the hearing, the court grants plaintiffs' motion to compel in part and denies it in part, as stated below.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (Dkt. No. 20) is granted in part and denied in part.

2. To the extent not already produced, defendant shall produce the following insurance policies to plaintiff Maryland Casualty Company ("Maryland") on or before August 14, 2012:

- Policy No. 122164A, effective 10/01/96 - 10/01/97;
- Policy No. 166538A, effective 11/13/02 - 11/13/03;
- Policy No. 166538B, effective 11/13/02 - 6/23/04;
- Policy No. 103238B, effective 10/01/93 - 10/01/94;
- Policy No. 105528C, effective 10/01/94 - 10/01/95; and
- All other general liability insurance policies issued by defendant to FRG Construction Co. that were effective between the years 1994 and 2006.

3. On or before August 14, 2012, defendant shall produce the following documents, identified in its privilege log with the following Bates pages (see Joint Statement,

---

[3] As discussed at the hearing, this insurance coverage action concerns two completely unrelated, underlying construction defect cases that proceeded in two different California Superior Courts. The only fact common to these cases appears to be that Financial Pacific Insurance Company is the named defendant. It appears that plaintiffs, which are not all common to the two underlying actions, filed a single complaint addressed to two unrelated cases for no other reason than to saving the cost of a filing fee. The commingling of the two unrelated cases, and the lack of a coherent factual and procedural summary of the cases, added unnecessary confusion to this discovery dispute.

2

Ex. F), to plaintiff Maryland:

- FPIC JMC 00020;
- FPIC JMC 00521-00523;
- FPIC JMC 00524-00531;
- FPIC JMC 00707;
- FPIC JMC 00739; and
- FPIC JMC 00740-42.

   4. Plaintiffs' motion to compel is denied in all other respects.[4]

   5. Plaintiffs' and defendant's respective requests for an award of reasonable expenses are denied. Given the rough equivalence of the expenses sought, the relatively unclear presentation of the issues in the Joint Statement, and the attacks made primarily by plaintiffs' counsel in the Joint Statement, "other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(a)(5)(A)(iii).

////
////
////
////

---

[4] Although the court denies the remainder of plaintiffs' motion to compel, the undersigned makes one note regarding Maryland's motion to compel a further response to its interrogatories numbered 19, 20, and 21, concerning defendant's calculation of its "time on the risk" vis-a-vis Maryland. Defendant represented in the Joint Statement and at the hearing that it has prepared no "time on risk" calculations other than two incorrectly prepared and already produced calculations, and that it believes that the "time on risk" coverage apportionment methodology "is not relevant" or does not apply in this case. (See Joint Statement at 17-18.) To the extent that defendant changes course in the litigation and seeks to offer a "time on risk" calculation, Maryland may challenge the admissibility of such a late-disclosed calculation through a motion in limine or other appropriate motion. However, the court makes no ruling on the admissibility of such a calculation at this time, and such a challenge shall be made to the district judge unless the challenge concerns discovery or otherwise falls within the jurisdiction of a magistrate judge. See Local Rule 302(c).

  The court also notes for the record defendant's representations in the Joint Statement and at the hearing regarding the non-existence of billings reflecting defense fees and costs relating to work performed by defendant's in-house counsel, Hollingshead & Associates.


6. The court's Order to Show Cause filed on July 26, 2012 (Dkt. No. 21), is discharged in light of the minimal discovery materials ordered produced by this order.[5]

IT IS SO ORDERED.

DATED: August 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Discovery in this case commenced on or about June 7, 2011 (Dkt. No. 11). The undersigned remains troubled by the late date that plaintiffs chose to file their motion to compel, noticing the motion for a hearing just five calendar days prior to the twice-amended discovery completion date in this case. Plaintiffs' response to the Order to Show Cause and their representations in the Joint Statement do not persuade the undersigned that plaintiffs' late-filed motion was the result of unavoidable circumstances. Nevertheless, given the limited production ordered here, the court discharges its Order to Show Cause.